No. 28,701.

ELMER NORMAN, *Appellee*, v. THE CONSOLIDATED CEMENT COMPANY et al., *Appellants*.

(274 Pac. 233.)

Opinion filed February 9, 1929.

*F. M. Harris*, of Ottawa, *Henry W. Shughart* and *Lowell R. Johnson*, both of Kansas City, Mo., for the appellants.

*Charles H. Apt* and *Frederick G. Apt*, both of Iola, for the appellee.

*E. S. McAnany, M. L. Alden, Thomas M. Van Cleave*, all of Kansas City, *John Crawford*, of Topeka, *George R. Malcolm, A. B. Keller*, both of Pittsburg, *Don H. Elleman*, of Columbus, *Robert C. Foulston, George Siefkin, Allen B. Burch, J. B. Patterson, J. D. Fair*, all of Wichita, *Edgar Fenton* and *Russell Field*, both of Kansas City, Mo., as *amici curiæ*.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an attempt to appeal from a decision of the district court in a proceeding for the recovery of compensation under the recently enacted workmen's compensation act (chapter 232 of the Laws of 1927).

Elmer Norman, an employee of the Consolidated Cement Company, was accidentally injured in the course of his employment and made a claim for compensation. Both parties were within the provisions of the act. The company had notice of the injury within ten days of the accident and a written claim for compensation was made within ninety days in accordance with the provisions of the act. The claim was duly presented to the commissioner of workmen's compensation, who set it down for hearing at a fixed time before an examiner duly appointed for that purpose. Upon the evidence submitted by both parties it was determined that Norman had sustained an accidental injury causing a stiff knee joint by reason of which he was suffering a fifty per cent permanent partial

loss of the limb. It was decided that Norman was entitled to an award of $15.15 per week for one hundred weeks, amounting to $1,515, which was accordingly made, of which sum $330.30 should be paid at once and the balance paid in weekly installments of $15.15 until the full amount had been paid. An award was made to a doctor for medical services rendered to Norman, and also there was an approval of a contract for legal services by Norman's attorney for twenty-five per cent of the award. The findings of the examiner were approved by the commissioner of the workmen's compensation act. In due time and in the manner provided by the act both parties appealed from the award to the district court, and upon a transcript of the evidence taken before the commissioner, the district court reviewed the findings, rulings and award of the commissioner. On this appeal the district court held that Norman had suffered a permanent and total loss of the use of his leg, and was entitled to sixty per cent of his average weekly wages, amounting to $3,030, payable as follows: $606 at once, the balance to be paid at the rate of $15.15 per week until the whole of the sum awarded is paid. The other awards made, including medical services, costs and expenses were approved except as to the amount for legal services, which was increased to $500. The company seeks to appeal from the rulings of the district court upon the assigned grounds that they are not sustained by the evidence and are contrary to law. Norman, the claimant, moves to dismiss the appeal on the ground that the compensation act which dealt with the subject of appeals does not provide an appeal from the rulings of the district court on awards of compensation to workmen, and that the supreme court is therefore without jurisdiction to review such rulings.

The company contends that while the act does not in terms provide for an appeal to the supreme court, the provisions of the civil code relating to appeals are applicable in this case. The decision of the district court, it is contended, was a final order and the code provides for an appeal and a review of all final orders of the district court. (R. S. 60-3302.) On the other hand, the claimant contends that the compensation act is comprehensive and complete, in which the legislature has prescribed the procedure governing all proceedings in compensation cases, including appeals, and it chose to grant a limited appeal only to the district court. The section of the compensation act relating to appeals provides:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the commission to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission. And on any such appeal the district court shall have jurisdiction to grant or refuse compensation or to increase or diminish any award of the commission as justice may require. Such appeal shall be taken and perfected by the filing of a written notice of appeal with the commission within twenty (20) days after the decision, finding, award or ruling appealed from shall have been made and filed by the commission, and the secretary of the commission shall immediately after the filing of such notice transmit a certified copy of such notice to the clerk of the said district court, who shall docket said cause for hearing as in other cases on appeal." (Laws 1927, ch. 232, § 42.)

We conclude that this court is without jurisdiction to review the decision of the district court. The act is an elaborate one which provides compensation for workmen accidentally injured in the course of their employer's trade or business, if it be one of the hazardous employments defined in the act. It provides an elective system and is made applicable only to those who choose to come within its operation and the compensation awarded those within the act is regarded to be a substitute for damages recoverable in a civil action, and is exclusive of all other remedies or causes of action for the injury or death of the workmen. It provides for medical, surgical and hospital treatment and care of injured employees to be furnished by the employer with certain limitations as to the cost of the same; provides for allowances to dependents of the employee where death results and in all cases of death the employer is required to pay burial expenses not exceeding a sum fixed by the act. After prescribing what shall constitute a right to compensation, the legislature in great detail scheduled the amounts to be paid for the loss of members of the body, including fingers, toes and phalanges of the same, likewise of hands and feet; also, for the loss of an eye or sight and hearing, together with hernia. As to injuries or disabilities not scheduled the legislature prescribed rules for measuring the amount of compensation, the length of time during which payment shall be made, the amounts to be fixed by the wages previously earned by the employee, and prescribed a minimum and maximum of the amounts to be allowed. After an injury the employee is required to submit to an examination by physicians or surgeons selected by the employer with certain restrictions and it provides rules regulating the admission of the testimony of the

physicians or surgeons, who make examinations. Provisions are made as to the notice to be given an employer of an injury to an employee and the time within which compensation shall be claimed. That claims may be settled and if not agreed upon the claim may be submitted to an arbitrator agreed upon by the parties, but where there is no agreement or arbitration, the claim is to be submitted to the public service commission, which shall hear and determine all the questions in accordance with certain prescribed procedure, which is quite inconsistent with the rules prescribed in the civil code. It is provided that those hearing the matter shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence. (Laws 1927, ch. 232, § 23.) The forms for the claim, the findings and award are prescribed, and prompt hearing and speedy finding and award by the commission are required. There is a provision for a review, modification or cancellation of the award by the commission upon specified grounds at any time before final payment is made. Provision is also made that an application may be made to the commission by the employee for payment of the award in a lump sum because of doubt as to the security for his compensation and the commission, if satisfied that the payment of the award is in doubt as to security, shall grant the application unless satisfactory security is given. If the application be granted a certified copy of the award may be filed with the clerk of the district court and judgment may be entered according to the terms and provisions of the award upon ten days' notice to the employer. There is a provision, too, by which prospective payments of an award may be made in a lump sum, which when made shall operate as a discharge of the employer from all further liability. Rules are prescribed as to the duties of the examiner and the commission in hearings giving power to administer oaths, take depositions, compel attendance of witnesses, as well as the production of books, accounts, papers, documents and records, and also as to the manner in which records of all proceedings of the commission shall be made and preserved. If an appeal is taken to the district court, as we have seen, it is limited to a review by that court upon questions of law and fact as presented and shown by the transcript of the proceedings before the commission, and this transcript is to be furnished without cost to the parties appealing. Among other things, the act provides that the right to compensation shall accrue at the time of the accident. Provision is made that a scheme of compen-

sation benefit or insurance may be agreed upon by the parties with the approval of the attorney-general, which shall be substituted for that prescribed in the act, and which shall be carried out under rules required by the superintendent of insurance. Another provision is that if an action is brought to recover damages for a personal injury by an employee entitled to come within the provisions of the act in which a recovery is sought on the ground of the want of due care of the employer, where such employer is within the provisions thereof, it shall not be a defense to any employer who has elected not to come within the provisions of the act that the employee assumed the risk of the hazard, that the injury or death was caused by want of due care of a fellow servant or that such employee was guilty of contributory negligence. A further provision is that if the employee who was entitled to come within the provisions of the act brought an action to recover damages for injury upon the ground of want of due care of the employer and where the employer at the time of the accident is operating under the provisions of the act, it shall be a defense for such employer in all cases where the employee has elected not to come within the act, that there was assumption of risk by the employee that his death was caused in whole or in part by want of due care of a fellow servant, and that the employee was guilty of contributory negligence. It is added that none of these defenses shall be available where the injury was caused by the willful negligence of the employer. Provisions are made regulating insurance against the liability of employers, the rates for insurance and the revocation of license of insurance company for failure to pay awards finally determined to be due.

This summary of the compensation act shows that the functions of the commission to which is committed the carrying of the provisions of the act into effect, are those of an administrative body vested, it is true, with some powers that are quasi judicial. In no sense can it be regarded as clothed with the powers and functions of a court. It has been said of a similar tribunal that:

"The industrial accident board is not a court of general or limited common-law jurisdiction. It is purely and solely an administrative tribunal, specifically created to administer the workmen's compensation act with the assistance of the superior court." (*Levangie's Case,* 228 Mass. 213.)

In *Mackin v. Detroit-Timkin Axle Co.,* 187 Mich. 8, the court said of the functions of such a commission:

"This board was created purely as an administrative agency to carry the provisions of the act into effect. The act being elective, it is operative only as to those who choose to come within its provisions, and in that particular it is a board of arbitration by agreement, but, aside from that consideration, it is but an administrative body, vested it is true with various and important duties and powers, some of them quasi judicial in their nature, but without that final authority to decide and render enforceable judgment, which constitutes the judicial power. Its determinations and awards are not enforceable by execution or other process until a binding judgment is entered thereon in a regularly constituted court. . . . We conclude that the industrial accident board is a ministerial and administrative body with incidental quasi judicial powers exercised by consent of those electing to be governed by the act, not vested with powers or duties in violation of constitutional limitations." (pp. 18, 20.)

The Kansas act, unlike that of many other states, provides for the administration of compensation by a commission instead of a court. In some of the states the powers to find and determine the compensation to be paid and the enforcement of the award are largely conferred upon designated courts. (2 Snyder on Workmen's Compensation, 1485.) With the exception of the limited review in the district court, the adjustment of compensation claims in this state is vested in the commission, an administrative tribunal. The provisions for compensation to be obtainable in a quick, easy and inexpensive way are a radical departure from the recovery of damages for injuries to workmen in ordinary common-law actions. The manifest purpose was to provide a simple and summary remedy complete within itself for industrial accidents, making the loss a charge upon the business or industry. It is deemed to be based on an obligation of a contractual nature and to be enacted for the benefit of the employer and the employee. Of its purpose and scope it has been said:

"In the enactment of the compensation law, the legislature recognized that the common-law remedies for injuries sustained in certain hazardous industries were inadequate, unscientific and unjust, and therefore a substitute was provided by which a more equitable adjustment of such loss could be made under a system which was intended largely to eliminate controversies and litigation and place the burden of accidental injuries incident to such employments upon the industries themselves, or rather upon the consumers of the products of such industries. The court has already determined that as to employer and employees who elect to come within the provisions of the compensation law the law itself becomes a part of the contract of employment and both are bound by its provisions. It was further determined that as to them the remedy afforded by the law is substitutional rather than supplemental or cumulative,

and therefore exclusive." (*McRoberts v. Zinc Co.*, 93 Kan. 364, 366, 144 Pac. 247.)

In a comprehensive statute the legislature manifestly undertook to cover every phase of the right to compensation and of the procedure for obtaining it. It provided an administrative method in order to avoid the delay resulting from prolonged litigation and the uncertainty and expense attending it. Another feature is that when both parties unite in this plan to adjust compensation it tends to prevent friction and hostility between employers and employees that frequently arise in actions based on negligence of the parties. The substituted remedy being complete with a procedure of its own, it must be regarded as exclusive. It being substitutional and complete and exclusive, we must look to the procedure of the act for the methods of administration. We are not warranted in borrowing rules and methods from the civil code not included in the act itself, methods prescribed for ordinary civil actions which the legislature for obvious reasons was seeking to avoid, and for which it provided a substitute. If an appeal were to be taken under the provisions of the civil code it would result in delay and expense, the very thing the legislature was seeking to prevent by the substitution of a new and different system. If there were an appeal to this court it might result in a decision requiring a retrial of the matter in the district court, and from the second decision of that court there might be a second or successive appeals, which would cause great delay and expense. Meantime the injured workman would be without relief. Such delay, uncertainty and expense would operate to thwart the evident purpose in the enactment of the new system. More than that, the legislature had under consideration the subject of review of the findings and awards of the commission, and it provided for a limited review in the district court. Having dealt with the subject of appeals, it is inferable that no different or other appeal was intended to be given by the legislature. The one specifically authorized in the new system is exclusive and the decision of the authorized appeal is necessarily the end of the proceeding. The legislature had the power to allow an appeal to a tribunal and to limit it to a particular one. The only appeal provided for is the one to the district court, and this court cannot well broaden the act by adding another. It has been determined that there is no vested right in an appeal, and appeals which had previously been allowed

may be limited by later legislation or entirely withdrawn. (*Coal Co. v. Barber,* 47 Kan. 29, 27 Pac. 114; *Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539.)

It is argued that the right to appeal to this court has been recognized in condemnation and drainage cases as well as some others, but in none of those acts did the statutes substitute new and distinct remedies with a procedure of their own as in the act under consideration. Attention is also called to the fact that decisions of the district court have been recognized and entertained under the old compensation act in this court. That act, however, has been repealed and besides many of the duties and powers to be exercised relating to compensation were vested in the district court. (See R. S. 44-512, 44-516, 44-522, 44-523, 44-528, 44-530, 44-533.) In the last section cited it was provided that matters committed to the district court should be construed as relating to the existing code of civil procedure. While some of the provisions of the old act are incorporated in the new one, that provision was carefully eliminated from the latter. To quite an extent in the old act its provisions were to be administered by the court instead of a commission. Aside from these considerations the question of the right of appeal to this court under the old act was never presented, and therefore never determined. In view of the purpose of the present act, by which the legislature created a new system substituting a simple summary and inexpensive remedy for industrial accidents with a special procedure, quite unlike that of the civil code, which was appropriate for ordinary civil action for relief for accidental injuries, and further that in the act it treated the subject of appeals and restricted it to a limited appeal to the district court, we are constrained to hold that that appeal is exclusive and that this court cannot force this proceeding into the general code provision providing for appeals in civil actions and therefore there is no jurisdiction to entertain this appeal.

It follows that it must be dismissed. It is so ordered.

DAWSON and HARVEY, JJ., dissenting.