No. 29,115.

HENRY CONNER, *Appellee*, v. THE BASE LINE COAL COMPANY, *Appellant*.

(287 Pac. 585.)

Opinion filed May 3, 1930.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellant.

*Sylvan Bruner,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is a compensation case here on appeal and cross appeal from the judgment of the district court modifying the decision of the examiner and compensation commissioner. The examiner and commissioner denied an award of compensation and the workman appealed therefrom to the district court where, upon consideration of the evidence taken before the examiner and furnished by transcript, the district court modified and changed the award to $6 per week for 407 weeks, finding for the workman as follows:

"1. The court finds that the said plaintiff will be permanently partially incapacitated from following his occupation or doing any manual labor for a period of 407 weeks from and after May 18, 1929.

"2. That the said plaintiff should be awarded the sum of $6 per week, as compensation for a period of 407 weeks from and after May 18, 1929, for such permanent partial incapacity."

The appellant assigns four reasons why the district court should not have modified the award and asserts that it was error to do so: First, that the original claim for compensation was not for the activation or aggravation of an existing and long-standing disease, but for a permanent partial disability on account of a fractured rib, whereas the evidence on the hearing was largely directed toward the injury producing the activation and aggravation of an already existing trouble. Section 23 of the act under which the claim is made (Laws 1927, ch. 232) prescribes that the arbitrator and commissioner shall not be bound by technical rules of procedure. (See *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 646, 274 Pac. 233.)

"Ordinarily the issues in a compensation case are simple and, except for certain facts which the statute makes essential, the pleadings are of little importance. Where the petition charges incapacity resulting from an accident,

the employer may not unreasonably be expected to meet evidence showing that as a result of the accident a disease from which the plaintiff already suffered was aggravated, causing partial or total incapacity." (*Blackburn v. Brick & Tile Co.*, 107 Kan. 722, syl. ¶ 4, 193 Pac. 351.)

There is nothing to indicate that appellant was taken by surprise on account of the line of testimony offered by the workman. The testimony on both sides consisted largely of that from medical experts, and the question not specifically mentioned in the original claim was freely discussed by appellant's witnesses. We find no error under the liberal provision of the statute for compensation cases in thus extending the scope of inquiry as to the disability of the workman.

The other three errors assigned as to the modifying of the award are: that subdivision 22 of section 10 of chapter 232 of the Laws of 1927 specifically directs that the $6 minimum referred to in other portions of the act shall not apply to cases of partial disability, assuming that the court named $6 as such minimum, and not from evidence; that the burden of proof as to the earning power and ability of the workman is upon him and not on the employer, and that there was no evidence to sustain such finding.

Subdivision 22 of section 10 of chapter 232 of the Laws of 1927 is an amendment of subdivision 19 of R. S. 44-510 and names $18 per week as a maximum compensation for partial incapacity, and then states that the $6 minimum mentioned elsewhere in the act shall not apply to injuries covered by that paragraph which result in temporary and permanent partial disability. This simply leaves the field open as to minimum allowance in such cases and necessarily requires proof as appellant insists, and without proof on the part of the workman no amount whatever could be found by the examiner nor by the court.

If there was any proof under the rules of computation on which the $6 allowance can be sustained it will not permit the conclusion that that amount was named by the court simply because it was under the earlier law (Laws 1917, ch. 226) and numerous decisions of this court construing the same authorized and used as the minimum allowance regardless of proof. Under the present law any amount not exceeding $18 per week can be found that the evidence will sustain, as being "60 per cent of the difference between the amount he was earning prior to said injury and the amount he is able to earn after such injury, in any employment."

As to the amount he was able to earn before the injury, the evidence furnished is under subdivision (b) of section 11, chapter 232, Laws of 1927, where he had been employed less than one year by the present employer, as in this case, the calculation is to be based on the earnings of a person in the same grade, employed at the same work, by the same employer. The appellee upon the hearing produced a witness, Walter Lightsey, meeting these requirements, who testified he earned from $5 to $6 per day at the same kind of work in the same coal mine and under the same employer.

As to the amount the appellee has been or was able to earn since the injury at any employment, the appellee himself testified:

"I have never gone back to work since I was hurt. I ain't able. Before I got this rock I did not have any pain or disability in my back. My back and right side keep me from getting about because they hurt."

One physician who had examined the appellee and X-ray plates testified "that plaintiff is disabled from performing manual labor"; another physician testified "he will not be able to perform manual labor." "It will totally disable him." If this testimony was given credence by the court, it was some evidence toward showing appellee was not able to earn anything after the injury, and the difference between the earnings before and after the injury would be the whole amount of the previous earnings, 60 per cent of which would be the proper compensation not to exceed $18 per week. The court, of course, was not required to accept the full amount of earnings named by the witness, and $6 per week was fully within the testimony. It will be noticed that the testimony covers any employment as the law prescribes, but the range of opportunity for different vocations or employment would not be very great or diversified for a colored coal miner fifty-seven years of age, as the appellee was.

We think there was sufficient evidence furnished by the workman to support the findings of the trial court of $6 per week compensation under the rules of computation prescribed by the act.

Now as to the cross appeal of the workman, the grounds for which are stated by him in his brief as follows:

"The district court erred in failing to conclude as a matter of law that the plaintiff was entitled to total permanent disability at the rate of $18 per week instead of permanent partial disability at the rate of $6 per week as a result of his injury."

Chapter 232 of the Laws of 1927, under which this action was brought, did not provide for an appeal from the decision made in

such cases by the district court, but it was amended by chapter 206 of the Laws of 1929, permitting appeals to this court in compensation cases only on questions of law. It has frequently been held that questions of law involve and include the determination of whether or not there was any evidence to support the finding. Appellee here argues that the evidence not only supports the finding of the trial court, but goes further, and that as a matter of law the finding should have gone further than it did and found the appellee not merely permanently partially incapacitated but permanently totally incapacitated. If these different conditions of incapacity differ in kind, then it may be that one is of necessity, under the evidence, right and the other is wrong, but if they differ only in degree, then either may be right and supported by the evidence. Appellee avoids saying the finding of partial incapacity is wrong, but insists that it is not in harmony with the evidence of the witnesses, which the court must have accepted, as all the physicians who testified that there was any incapacity at all said it was total incapacity. While the court to have reached the finding it did must have given credence to the testimony of the physicians called by the plaintiff, yet it does not follow that the court should have been convinced as to the extent of the incapacity as expressed by them, especially when the record gave the opinions and views of other physicians seriously differing from those of the former not only as to incapacity, but also as to the extent of it. If the evidence supports the finding made by the court as to the incapacity being partial, as we have already concluded that it does, it is not a matter of law only for a reviewing court to say that the trial court should have gone further than it did and found that the incapacity was total instead of partial because there was some evidence that would have supported such finding when there was on the other hand seriously conflicting evidence. It is not at all unreasonable that the court should have accepted the views and opinions of these witnesses that the plaintiff was permanently incapacitated but was unwilling to accept their judgment that it was total instead of partial, especially in the light of conflicting professional views and opinions.

Appellee cites *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598, as a case where this court under the old law reversed a case virtually changing the finding from a total incapacity to a partial incapacity, but that decision was based upon the special findings of the jury

which were held to be inconsistent with the general verdict in that particular.

We cannot concur with appellee in his contention that the finding as a matter of law should have been total incapacity instead of partial.

The judgment is affirmed.