No. 31,250

BEN F. CRUSE, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellee*.

(23 P. 2d 471.)

118

Opinion filed July 8, 1933.

*F. M. Kennard* and *Walter J. Gresham,* both of Kansas City, Mo., for the appellant.

*Luther Burns* and *J. E. DuMars,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is a workmen's compensation case which the commissioner, and later the trial judge on appeal, both held was barred by the three-year statute of limitations, and the claimant appeals from that ruling to this court.

The claimant was injured on May 1, 1929, made his claim on the employer for compensation on June 13, 1929, and filed his application with the commissioner on June 30, 1932, which was three years. and two months after the injury. The respondent filed a motion to dismiss the proceedings because the application showed upon its face that the proceeding was barred by the three-year statute of limitations (R. S. 60-306).

Appellant claims the workmen's compensation law, as amended in 1927, is a special proceeding and is complete in itself, and the general statute of limitations does not apply to it nor control its proceedings. In this connection our attention is called to the many changes made in the law by the recent enactment of 1927, chapter 232, among others the elimination of the provisions in the earlier acts relating to trials in district courts and substituting therefor, in R. S. 1931 Supp. 44-534 and other sections, a hearing before the commission, thus changing the proceeding for arriving at a determination of right to and amount of compensation from an action to a special

proceeding. Appellant directs attention to a number of recent decisions of this court which show consideration of these changes and hold the commission to be an administrative body or agency, and that the new act is complete in itself and exclusive, and such as will not warrant the borrowing from the code any rules not included in the act itself. Some of these decisions are as follows:

"Previous to June 30, 1927, the workmen's compensation act permitted civil actions to recover compensation. On that date a new act took effect, under which a proceeding to obtain compensation is administrative . . ." (*Frary v. Roxana Petroleum Corp.*, 135 Kan. 216, 217, 9 P. 2d 652.)

"In a comprehensive statute the legislature manifestly undertook to cover every phase of the right to compensation and of the procedure for obtaining it. It provided an administrative method in order to avoid the delay resulting from prolonged litigation and the uncertainty and expense attending it. . . . The substituted remedy being complete with a procedure of its own, it must be regarded as exclusive. It being substitutional and complete and exclusive, we must look to the procedure of the act for the methods of administration. We are not warranted in borrowing rules and methods from the civil code not included in the act itself, methods prescribed for ordinary civil actions which the legislature for obvious reasons was seeking to avoid, and for which it provided a substitute." (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 649, 274 Pac. 233.)

"The commission provided for in the workmen's compensation act is an administrative agency with some quasi-judicial functions, and the hearing and determination of claims presented to the commission are governed by the provisions of the compensation act itself, rather than by the rules prescribed in the code of civil procedure and the rules applicable in trials in courts of common-law actions." (*Holt v. Peterson Construction Co.*, 134 Kan. 149, syl. ¶ 1, 4 P. 2d 428.)

"The legislature has provided an administrative method of passing upon claims before the workmen's compensation commission, one that is substantial, complete and exclusive, a summary and inexpensive remedy with special procedure, quite unlike that of the civil code, and we are not warranted in borrowing rules from the civil code not included in the act itself." (*Willis v. Skelly Oil Co.*, 135 Kan. 543, syl. ¶ 2, 11 P. 2d 980.)

"The workmen's compensation act prescribes its own procedure for a judicial review of proceedings had before the compensation commission. . . ." (*Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, syl. ¶ 1, 286 Pac. 396.)

There can be no question, from these decisions, that it has been the position of this court since the enactment of the 1927 law that it is regarded as being complete in itself, and no resort can be made to the code to supplement its provisions and no borrowing from the code is warranted to supply that which may be lacking in the act.

Respondent cites *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516, and *Kasper v. Railway Co.*, 115 Kan. 610, 223 Pac. 1106, where it was held that subdivision two of R. S. 60-306, the three-year statute of limitations, applied to and governed actions under the workmen's compensation law, and delayed actions would be barred by such limitation. This situation was, however, entirely changed by the reënactment and revision of the compensation law in 1927, as stated in most of the later decisions above cited. The change in the law, of course, makes these earlier decisions based on the old law inapplicable.

While it may not be necessary to go further than what was said in the recent decisions of this court, as above cited and quoted, with reference to the conclusion that the provisions of the general statute of limitations cannot be used to bar a proceeding under the present compensation law, yet it may properly be observed, as urged by the claimant, that most of those later decisions declare the proceeding under the present law to be a special proceeding and not an action, and, also, that it was plainly stated in *Thomas v. Williams*, 80 Kan. 632, 103 Pac. 772, that our statute of limitations was not made applicable to special proceedings.

Claimant insists that respondent could have forced a hearing under the arbitration provisions of the act, but that it would be quite unreasonable for the claimant to be granted limitless time because the respondent did not urge a hearing in a claim against himself.

Both claimant and respondent direct our attention to decisions in other states on the questions here involved, but they are not controlling, because their statutes differ. The case of *Baur v. Common Pleas of Essex*, 88 N. J. L. 128, is helpful in that it shows a step of progress in the way of adding to the compensation law of that state a section fixing a limitation of one year as to the time of commencing such special proceeding, admitting that prior to such amendment there was no statute of limitations applicable, and holding that the amendment was not retroactive.

It is admitted that there is no specific provision in our present compensation act limiting the time for filing proceedings with the compensation commissioner, and appellant claims the giving of notice of claim, as prescribed by R. S. 1931 Supp. 44-520a, is all that is required, and if compliance with that requirement is made

the claimant has unlimited time for commencing his special proceeding.

It is generally recognized, as stated in 37 C. J. 732 and held in *McRoberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247, that the workmen's compensation law furnishes a remedy that did not exist at common law.

With the fundamental basis that the law is complete in itself and free from the control of limitations named in other statutes, and with the well-known purpose and design of the legislative undertaking in the enactment of this law, can we discern therein any plan or intention of the legislature with reference to any limitation of the delay in bringing such special proceedings? While the act has no specific limitation as to the commencement of special proceedings, it does have other limitations and supporting provisions for such, other than the ninety-day notice of claim. In section 520a of the compensation law (R. S. 1931 Supp., ch. 44) we find, in addition to the ninety-day limitation above mentioned, the following modification thereof: ". . . or within six (6) months after the death of the injured employee if death result from the injury within three (3) years after the date of the accident." This section also refers to a limitation provision in section 509, which is as follows: ". . . and no limitation of time, in this act provided for, shall run, so long as such incompetent has no guardian." Section 535 is as follows:

"The right to compensation shall be deemed in every case, including cases where death results from the injury, to have accrued to the injured workman or his dependents or legal representatives at the time of the accident, and the time limit in which to commence proceedings for compensation therefor shall run as against him, his legal representatives and dependents from the date of the accident."

It will be observed that the legislature had in mind another time limit besides the ninety-day one, because it specifically refers to "the time limit in which to commence proceedings for compensation." A limit is therefore contemplated and intended, although not expressed. To hold otherwise would be to entirely ignore the provisions of this last section and to give to the intelligent living workman an unlimited time for commencing his special proceeding, whereas for the insane it is unlimited only until the appointment of a guardian, as stated in section 509, and is three years for dependents of deceased workmen, as stated in section 520a.

It was said in the Norman case, supra, that the compensation law provided for the obtaining of compensation "in a quick, easy and inexpensive way." Section 520 requires notice to the employer of the injury within ten days after the accident. Section 522 limits the action of the committee on settlement to thirty days to make the settlement, or the matter must pass on under another provision. Section 523 fixes thirty days as the limit for the committee, arbitrator or commission to make the award after the matter has been submitted. Section 556 limits the taking of an appeal from the finding and award of the commission to twenty days, and the same length of time is allowed for filing notice of appeal from the decision in the district court to the supreme court.

By analogy and comparison a committee, arbitrator, commission or court can readily determine what a maximum limitation should be or would have been if the same legislature had gone the one step farther and definitely named a limitation, as it does state in section 535 there should be. The fact that three years was held under the old law to be the proper limit, and the fact that three years is the limit now in section 520a in case of the death of the workman with reference to the six-months written claim, is sufficient to justify the conclusion that three years would afford a reasonable opportunity to commence this special proceeding, and any time beyond such period would certainly appear to be unreasonable. Section 523 of this same chapter provides that "The committee, arbitrator, commission or court, shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence." Under ordinary circumstances, by comparison with similar provisions in this as well as other jurisdictions, three years is more than reasonable for such purpose where quick, easy and inexpensive service is expected and designed. It may become necessary in some cases for the committee, arbitrator or commission to hear the peculiar circumstances of a particular case and determine what a reasonable time would be. We are supported in this conclusion by the decision in *Thomas v. Williams,* 80 Kan. 632, 103 Pac. 772, where it was held in a special proceeding case that—

"The provision that an action for relief not otherwise provided for in the statute of limitation can only be brought within five years after the cause of action shall have accrued has no application to a proceeding instituted in the

probate court by an executor for the sale of real estate to pay debts of the testator.

"There being no statute of limitation relating to the matter, the requirement of the law is that such a proceeding can be maintained only if begun within a reasonable time, in view of all the circumstances of the case." (Syl. ¶¶ 1, 2.)

The proceeding in this case should be barred because three years is more than a reasonable time to commence it, but because it was barred for another reason and on the strength of a statute which is not applicable, the decision of the district court must be reversed, which holding also reverses the ruling of the commissioner. And as this court, as well as the district court, has no authority to remand with instructions or directions to the commissioner, our conclusion leaves the matter just where it was before the commission acted upon the motion to dismiss. It is so ordered.