No. 31,773

ALPHA KETCHELL (Claimant), *Appellee,* v. WILSON & COMPANY (Respondent), *Appellant.*

(32 P. 2d 865.)

Opinion filed July 7, 1934.

*Arthur J. Stanley, Arthur J. Stanley, Jr.,* and *C. C. Keller,* all of Kansas City, for the appellant.

*A. M. Etchen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is a sequel to a workmen's compensation case which was here before. (*Ketchell v. Wilson & Co.*, 138 Kan. 97, 23 P. 2d 488.)

Following an affirmance by this court of the award of compensation, the employer, Wilson & Company, instituted a proceeding before the compensation commission to modify the award on the ground that claimant's disability, arising from the industrial accident and injury sustained in the course of her employment, had terminated.

On that matter a hearing was held before the commissioner of compensation on August 4, 1933, with the result that the award was modified by a finding that claimant's total disability had turned out to be but temporary and that it lasted only seventy-four weeks instead of being permanent, as determined in the first award. Accordingly the compensation commission on September 25, 1933, made an order modifying the original award as follows:

"It is hereby ordered that the award herein of November 16, 1932, be modified to temporary total disability for seventy-four (74) weeks from March 3, 1932, to and including August 3, 1933, at the rate of six dollars ($6) per week, amounting to four hundred forty-four dollars ($444), which is now due and owing and is hereby ordered paid in one lump sum."

Nine days later, on October 4, 1933, the commissioner of compensation on his own initiative, and without notice or hearing, made an order changing the amount of the modified award by reducing it from seventy-four weeks at $6 per week and totaling $444, to fifty weeks at $6 per week and totaling $300. The order stated the reason for making this latest change by declaring that an error had been made in the commissioner's calculations; that no account had been taken of the first week after her injury—for which no compensation was allowable—and for the succeeding periods from March 2 to May 16 and from May 22 to August 23, during which intervals she had worked for respondent and had received her regular wages.

From this latest order the claimant appealed to the district court, which reviewed the record, summarized the history of the case, and held:

"That said commissioner, having made and filed his order of modification of award on September 25, 1933, was without jurisdiction or authority to make

the order of October 4, 1933, of his own motion and without notice to the parties, or otherwise."

Judgment that claimant was entitled to the unpaid balance of the award of September 25, 1933, was rendered accordingly.

Respondent now brings this matter here for further review.

The procedure prescribed for awarding compensation, for judicial review of such award, and for modifying it as the progress, diminution or termination of the workman's injury may justify, is completely covered by statute. In *Austin v. Phillips Petroleum Co.*, 138 Kan. 258, 25 P. 2d 581, where a workman injured in an industrial accident sought to maintain a common-law action for damages for breach of an oral agreement to pay compensation, it was said:

"It is well settled that the workmen's compensation act establishes a procedure of its own (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233; *Murphy v. Continental Casualty Co.*, 134 Kan. 455, 7 P. 2d 84; *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396), and that it furnishes the exclusive remedy for a workman and the exclusive liability of his employer for injuries compensable under the act. (See *Echord v. Rush*, 122 Kan. 260, 251 Pac. 1112; 124 Kan. 521, 261 Pac. 820; *Leebolt v. Leeper*, 126 Kan. 61, 275 Pac. 1087, and cases cited therein.)" (p. 259.)

In this case it might be admitted that the error in computing the amount due is apparent, but it is not apparent that the claimant would have acquiesced on September 25, 1933, in a modification of the award made in her favor in 1932 to the relatively small award of $6 per week for fifty weeks. She might have protested the finding of her complete recovery, and might have appealed from such an order of modification. In short, while apparently she has been willing to accept the modified award of $6 per week for seventy-four weeks, she was and is altogether disinclined to accept any less sum; and of course the commissioner's order of October 4, 1933, on his own initiative, without notice or hearing, was void. (*Walz v. Missouri Rld. Co.*, 130 Kan. 203, 285 Pac. 595.)

The judgment is affirmed.