No. 34,302

GEORGE L. SOUDEN, *Appellant*, v. RINE DRILLING COMPANY and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, *Appellees*.

(92 P. 2d 74)

Opinion filed July 8, 1939.

*William H. Burnett, Arthur H. Snyder, Harry H. Dunn* and *Fred C. Preble*, all of Hutchinson, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt*, all of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from a judgment of the district court in a workmen's compensation case.

The appellant while working for the Rine Drilling Company suffered a compensable nonscheduled injury, and on January 7, 1937, was awarded fifty-two weeks temporary total disability. Upon aplication the commissioner extended the award twenty-six weeks, to January 10, 1938. In this order of modification the contract for attorney's fees between appellant and L. E. Quinlan was approved and made a lien upon the award.

It appears that during the period covered by these awards Mr. Quinlan represented the appellant, and all checks were made payable jointly to Mr. Quinlan and appellant and were sent to Mr. Quinlan by the insurance carrier. All the checks were endorsed and cashed except the final compensation check, which was sent to and

received by Mr. Quinlan on January 10, 1938, the date the final payment was due.

On March 4, 1938, appellant filed an application with the commission for an extension of the award; a hearing was held on April 7, and on April 19, 1938, the commissioner issued an order of modification by which the appellant was given an award for an additional 337 weeks at $18 per week. From this order an appeal was taken to the district court. Before the court convened in September, 1938, Mr. Quinlan, attorney for the appellant, was appointed district judge to succeed the late Judge Beals, and Judge Kline was called to hear the case as judge pro tem.

On September 14, 1938, the case was submitted to Judge Kline without argument with leave to file briefs given to both parties. On November 30, 1938, Judge Kline rendered judgment setting aside the award on the ground that the application for review had not been filed in time.

On December 1, 1938, appellant employed Wm. H. Burnett to represent him in the proceedings in the place of Judge Quinlan. Upon learning that the court had rendered its decision, Mr. Burnett as counsel for appellant on December 3, 1938, filed a motion for a new trial and on the following day filed a supplemental motion to vacate the judgment and reopen the case. On January 14, 1939, judgment was entered overruling the motion for a new trial, and sustaining a motion to strike the supplemental motion to vacate. The notice of appeal recites that "claimant, does and has hereby appealed from the decision rendered . . . on or about the 14th day of January, 1939."

We think it is clear that the ruling made by the judge pro tem on November 30, 1938, setting aside the award of the commissioner, was a final judgment, from which an appeal would lie under G. S. 1935, 44-556. That section provides:

"That any party to the proceedings may appeal from any findings or order of the district court to the supreme court on questions of law. Such appeal shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within twenty days after the final order of said district court, and the district clerk shall immediately transmit a certified copy of such notice of appeal to the clerk of the supreme court and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases, and shall take precedence over other cases except cases of a like character."

The appeal in this case was not from the judgment of November

30, 1938, but from the ruling on the post-judgment motions made and rendered on the 14th day of January, 1939. No notice of appeal was filed with the clerk of the district court within twenty days after final order and judgment was rendered on November 30, 1938. As the command of the statute was not complied with as regards the notice of appeal, what question is before this court for determination?

The workmen's compensation act is a comprehensive enactment, complete in itself, with a simplified procedure designed to speed the settlement of claims and avoid the delay as well as the expense of litigation. The rules of the civil code are not applicable to compensation proceedings. (*Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583; *Doss v. Cornelison & Kelly,* 124 Kan. 631, 261 Pac. 584; *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233; *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203, 285 Pac. 595; *Willis v. Skelly Oil Co.,* 135 Kan. 543, 11 P. 2d 980; *Cruse v. Chicago, R. I. & P. Rly. Co.,* 138 Kan. 117, 23 P. 2d 471; *Ketchell v. Wilson & Co.,* 140 Kan. 163, 32 P. 2d 865; *Woods v. Jacob Dold Packing Co.,* 141 Kan. 363, 41 P. 2d 748; *Vigola v. Labor Exchange Coal Co.,* 145 Kan. 889, 67 P. 2d 421.)

Only issues of law are reviewable in appeals under the act. Post-judgment motions are not provided for in compensation procedure, and such motions cannot extend the time within which appeals must be perfected. As no appeal was taken from the judgment of November 30, 1938, there is nothing before this court for review. The attempted appeal from the ruling on the post-judgment motions was ineffectual for any purpose. Accordingly, the judgment must be affirmed. It is so ordered.