No. 38,468

MARY H. FORCADE, Widow of Everett P. Forcade and Guardian of the Persons and Estates of DENNIS WAYNE, JANET NUELLA, MICHAEL PAUL and STEPHEN BARRY FORCADE, Minor Dependents of Everette P. Forcade, Deceased, *Appellants*, v. LIST AND CLARK CONSTRUCTION COMPANY, and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellees*.

(238 P. 2d 549)

Opinion filed December 8, 1951.

*Douglas Gleason*, of Ottawa, argued the cause, and *Thomas E. Gleason*, also of Ottawa, was with him on the briefs for the appellants.

*John J. Alder*, of Kansas City, Missouri, argued the cause, and *H. S. Roberts* of Kansas City, Kan., was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from the order entered by the district court approving and sustaining an order of the Workmen's Compensation Commissioner denying compensation to appellant Mary H. Forcade, widow of Everett P. Forcade, deceased, and guardian of the minor children of Everett P. Forcade, deceased.

The facts giving rise to this case are as follows. Everett P. Forcade, an employee of defendant construction company, was injured in an accident arising out of and in the course of his employment on November 14, 1941, and serious injury to his heart resulted therefrom. His weekly salary at the time of the accident was $70, and his dependents were a wife and infant son. A second child was born about two months after the accident. At the time of his death on September 27, 1948, Forcade's dependents were his wife and four minor children, all wholly dependent on him.

Upon proper notice of the injury, compensation under the Workmen's Compensation Laws of Kansas was paid to Everett Forcade for twenty-nine weeks at the rate of $18, a total of $522, and medical expenses in the amount of $297 were paid. Payment of compensation ceased on June 21, 1942, and on June 26, 1942, defendant employer put Forcade to work in a sedentary position, where he was employed until the date of his death September 27, 1948, as a result of injuries received in the accident. On September 30, 1949, appellant wife filed a claim for compensation by notifying appellee construction company of her claim. On May 12, 1950, appellant as the widow and as guardian of her four minor children filed her claim for compensation and request for hearing before the Workmen's Compensation Commissioner.

The parties stipulated as to the facts and agreed that they were governed by the Workmen's Compensation Laws of Kansas; that the accident in which the deceased was injured arose out of and in the course of his employment and that death subsequently resulted from injuries received in the accident; that the claim of dependent minors was made within the time and in the manner provided by the Workmen's Compensation Act; that the claim of Mary H. Forcade, widow, was made in the manner provided in the Act; (there was no admission that it was made within the time provided in the Act).

It was further stipulated that compensation was denied by appellees as to Mary H. Forcade, widow, on the ground that death of the injured workman did not occur within three years from the date of the accident and that her claim for compensation was not filed within eight months from the date of the employee's death and that compensation was denied by appellees as to the minor children on the ground that their father's death did not occur within three years from the date of the accident.

Hearing was duly had before the Workmen's Compensation Commissioner who, on December 22, 1950, denied awards to all claimants on the principal ground that the workman Everett P. Forcade did not die as a result of the injury within three years from the date of the accident, and that the widow's claim was not filed within eight months after the date of death. On appeal to the district court, the Commissioner's action was approved and sustained. Appellant brings the case here charging error by the trial court in so holding.

The primary question involved in this appeal is: Where a workman dies of his injury more than three years after the accident in which the injury occurred, are his dependents entitled to benefits under the Workmen's Compensation Act?

We will start with the assumption that the Act is founded broadly upon considerations of public policy. Its purpose is to provide protection to workmen within the limits established by the Act. To this end this court is committed in many decisions unnecessary to review to a liberal interpretation of the Act in favor of the employee. (*Matlock v. Hollis,* 153 Kan. 227, 109 P. 2d 119).

The provisions of the Workmen's Compensation Act pertinent to this case are:

G. S. 1949, 44-501: "The obligation. If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with the provisions of this act. Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act. . . ."

44-510 (2) provides for the amount of compensation to be allowed on a claim where death results from the injury.

44-535: "When the right to compensation accrues. The right to compensation shall be deemed in every case, including cases where death results from the injury, to have accrued to the injured workman or his dependents or legal representatives at the time of the accident, and the time limit in which to commence proceedings for compensation therefor shall run as against him, his legal representatives and dependents from the date of the accident."

44-520a provides in part: *"Claim for compensation; time limitation.* (1) No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent or by delivering such written claim to him by registered mail within one hundred twenty days after the accident, or in cases where compensation payments have been suspended within one hundred twenty days after the date of the last payment of compensation; *or within eight months after the death of the injured employee if death results from the injury within three years after the date of the accident.* . . ." (Italics supplied.)

It is well settled in this state that the Workmen's Compensation Act is complete in itself and there can be no resort to the Code of Civil Procedure to supplement its provisions. In the case of *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233, we said:

"In a comprehensive statute the legislature manifestly undertook to cover every phase of the right to compensation and of the procedure for obtaining it. It provided an administrative method in order to avoid the delay resulting from prolonged litigation and the uncertainty and expense attending it. Another feature is that when both parties unite in this plan to adjust compensation it tends to prevent friction and hostility between employers and employees that frequently arise in actions based on negligence of the parties. The substituted remedy being complete with a procedure of its own, it must be regarded as exclusive. It being substitutional and complete and exclusive, we must look to the procedure of the act for the methods of administration. We are not warranted in borrowing rules and methods from the civil code not included in the act itself, methods prescribed for ordinary civil actions which the legislature for obvious reasons was seeking to avoid, and for which it provided a substitute. . . ."

See also *Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980; *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456; *Ketchell v. Wilson & Co.*, 140 Kan. 163, 32 P. 2d 865; *Cruse v. Chicago R. I. & P. Rly. Co.*, 138 Kan. 117, 23 P. 2d 471.

It will be noted that prior to the enactment in 1927 of section 44-520a, no time limit appears in the act for the commencement of a proceeding to recover compensation where death of the employee results from the injury. In the 1927 amendment, we find for the first time the added limitation "if death results from the injury within three (3) years after the date of the accident."

The provision of the new act as quoted refers to the three years within which death must occur before any liability accrues under the Act. With this interpretation the legislative intent appears that death from an accidental injury must ensue within three years from the date of the injury (G. S. 1949, 44-535), and if death does occur within such time, the claim for compensation for such death must be filed within eight months thereafter.

This 1927 amendment (sec. 44-520a) was obviously for the purpose of setting a specific time beyond which an employer would not be liable for death resulting from an accident arising out of and in the course of employment. It required that the death occur within three years from the date of the accident. It also protected the right of the dependents by providing they should have eight months

after the death within which to apply for compensation. The law was thus made certain instead of being uncertain as it was before the amendment in that under the construction given the former statute, death might occur more than three years after the accidental injury and thus an employer complying with all the provisions of the Act would never have any certainty that a case was fully determined.

Counsel for both parties cite *Cruse v. Chicago, R. I. & P. Rly Co.,* supra. In that case we held that where a claim for compensation was made within the required time as provided by law but the application for determination of compensation was made three years and two months after the injury, there was an unreasonable delay in instituting the special proceeding, and we refused to allow recovery on the ground the statute of limitations had expired. We said in that case:

"The fact that three years was held under the old law to be the proper limit, and the fact that *three years is the limit now in Section 520a in case of death of the workman* with reference to the six months written claim is sufficient to justify the conclusion that three years would afford a reasonable opportunity to commence this special proceeding and any time beyond such period would certainly appear to be unreasonable." (Emphasis supplied.)

While this case throws little light on the questions involved in the instant case, it did recognize the three-year limitation under section 44-520a in case of the death of the injured workman.

Section 44-520a permits of no interpretation except that death as a result of injury must occur within three years after the date of the accident or no death benefits may be allowed. We are constrained to hold in this case where the date of the injury which resulted in the death of Everett P. Forcade was November 14, 1941, and the date of his death was September 27, 1948, more than three years after the accident, that this action is barred under the provisions of G. S. 1949, 44-520a and 44-535.

In view of what has been said, it is unnecessary to determine other questions raised by appellant. The judgment of the lower court is affirmed.

SMITH, J. (dissenting): I find myself unable to concur in the opinion of the majority in what is said in paragraph 3 of the syllabus and corresponding portion of the opinion. I discern no bearing the provisions of G. S. 1949, 44-535, have on this question.

I am in complete accord in what is said to the effect that this

court is committed to a liberal interpretation of the act. (See *Matlock v. Hollis*, 153 Kan. 227, 109 P. 2d 119.) My idea of the meaning of this is that where one construction will result in denying compensation and another will result in awarding it, we should adopt the construction in favor of the workman or his dependents, if we can reasonably do so.

The prevailing opinion states the question to be: Where a workman dies of his injury more than three years after the accident in which the injury occurred, are his dependents entitled to benefits under the workmen's compensation act? In view of the above question I ask: Where in the act is there any provision that death must occur within three years of the happening of the accident in order for the dependents to recover? There is no such provision in the act. We have said many times that the act was complete in itself. (See *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233.) If such be the proper construction then whence cometh the statement that the 1927 amendment, section 44-520a was obviously for the purpose of setting a specific time, beyond which an employer would not be liable for death resulting from an accident arising out of and in the course of employment? That is not what the section says. It is a section devoted solely to the time within which a claim for compensation must be made, that is, one hundred and twenty days after the accident where the claim is for compensation for an injury not resulting in death or within eight months after the death of the injured employee if death results from the injury within three years after the date of the accident.

There is no limitation as to time for filing the claim where death occurs more than three years after the accident. That may seem strange, but that is the way the statute is written. The English language permits no other interpretation.

Now let us examine the sections fixing liability. G. S. 1949, 44-501, provides as follows:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with the provisions of this act. Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act . . ."

G. S. 1949, 44-510 (2) provides for the amount of compensation to be allowed on a claim where death results from the injury. Now

if it were the obvious intent of the legislature that death must occur within three years of the accident in order to entitle the dependents to recover, in this section would have been the logical place to insert the provision. We do not find it, however, there nor anywhere else in the act.

It is true G. S. 1949, 44-535, provides:

"The right to compensation shall be deemed in every case, including cases where death results from the injury, to have accrued to the injured workman or his dependents or legal representatives at the time of the accident, and the time limit in which to commence proceedings for compensation therefor shall run as against him, his legal representatives and dependents, from the date of the accident."

Where in that section do we find any provision fixing a time limit in which to commence proceedings for compensation? There is no such provision in that section nor do we find one anywhere until we read G. S. 1949, 44-520a. There we find no provision fixing the time within which death must take place after the accident to enable the defendants to recover compensation.

My point is, the construction put on the act by the majority opinion is a strained construction. To say the legislature obviously intended to set a specific time beyond which an employer would not be liable for death resulting from an accident is to give the legislature an intention which it failed to put into words.

The statute is ambiguous. I will not resolve that ambiguity in favor of the employer when to do so will deprive an orphan child of the injured workman the right to compensation a reasonable construction of the statute gives him.