No. 39,708

In the Matter of the Extinct First Baptist Church of Webster, Kansas. KANSAS BAPTIST CONVENTION, *Appellant,* v. BEN SMITH, et al., *Appellees.*

(288 P. 2d 503)

Opinion filed May 7, 1955.

*Robert S. Johnson,* of Topeka, argued the cause, and *Stanley Krysl,* of Stockton, was with him on the briefs for the appellant.

*Robert Osborn,* of Stockton, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was a proceeding authorized by G. S. 1949, 17-1711 to 1713, in which the plaintiff, Kansas Baptist Convention, a corporation organized under the laws of this state with its principal office in Topeka, made an application to the district court of Rooks County for an order declaring the First Baptist Church in Webster to be an extinct church of the Baptist faith, dissolving the same; and, for an order transferring the legal title and possession of its property to plaintiff. After the pleadings were made up and in considering a motion for rulings on questions of law prior to the trial, the court made certain findings, and concluded that the petition did not state a cause of action and dismissed it at the cost of plaintiff. Plaintiff has appealed.

The pertinent facts shown by the record may be summarized or quoted as follows: Webster is an unincorporated village with a population of 130, situated about 10 miles west of Stockton, the county seat of Rooks County, on the north bank of the South Fork of the Solomon River.

The First Baptist Church of Webster was organized in 1886. It acquired title to certain real property described in the petition; erected a church building thereon; conducted religious services until sometime in the year 1928, when it discontinued conducting such services and has not done so since. The original petition was filed in this case February 28, 1953. At some time, perhaps two years prior thereto, the federal government, acting through the Bureau of Reclamation, had determined to build what is known as the Webster Dam across the river so located that the entire city of Webster would be inundated by the water, and proper proceedings had been initiated to condemn all the property in the city of Webster.

On November 17, 1952, a group of people in Webster got together and elected a board of trustees of the First Baptist Church, one of them to be named as chairman; elected a clerk; passed a motion that the trustees sell the First Baptist Church property in Webster to the Bureau of Reclamation for its appraised value; and,

passed a motion that the indebtedness against the church property be paid, and that the remaining money be paid to The Stockton Baptist Mission for the purpose of constituting a local Baptist Church and that thereafter the First Baptist Church in Webster be disbanded.

The persons elected officers of the church November 17, 1952, filed an answer to the amended petition filed by plaintiff on behalf of the First Baptist Church of Webster which contained a general denial. It alleged that plaintiff's amended petition did not state facts sufficient to constitute a cause of action; and, that it was barred by the Statute of Limitations, G. S. 1949, 60-304, particularly subsection 4 thereof, and the rule of the supreme court in the case of *Thomas v. Williams*, 80 Kan. 632, 103 Pac. 772. It further alleged that on February 26, 1953, they entered into a contract on behalf of the First Baptist Church of Webster with the U. S. government for the sale of the church property and on May 20, 1953, executed a deed of the church property to the U. S. government for the stated consideration of $5,653.20, which deed was duly recorded in the office of the register of deeds of Rooks County.

We understand payment of the consideration awaits the outcome of this action.

Plaintiff filed a reply which contained a general denial, and specifically denied that the First Baptist Church of Webster as now purportedly organized is a continuance of the First Baptist Church of Webster that once existed prior to its becoming extinct. It alleged that the purported reorganization of the First Baptist Church of Webster on November 17, 1952, was for the sole purpose of disposing of the property to a mission of a denomination not affiliated with the original First Baptist Church of Webster or plaintiff; that the purported contract between the First Baptist Church of Webster and the U. S. government for the sale of the property and the purported deed between the same parties failed to pass any title to the grantee therein for the reason that the First Baptist Church of Webster was not in existence and had become extinct.

On June 9, 1954, the defendants filed a motion for the court to make an order determining questions of law raised by the answer prior to the trial on the merits. This motion was heard by the court on July 26, 1954; taken under advisement; and, on August 5, 1954, the court decided the motion and made the following findings of fact and conclusion of law.

"1. The Court finds that there is no departure from the allegations and relief prayed for in the petition and the allegations and relief prayed for in the reply but holds that they are consistent.

"2. That this is a special proceeding, as set out in Sections 17-1711 to 1713; that the full procedure, as provided for such a proceeding is set out in those statutes.

"3. That no statute of limitations is applicable to such a proceeding.

"4. There being no applicable statute of limitations, the court and the parties must rely upon a reasonable length of time. The Court finds that the petition alleges that the action could have been brought in 1930; that the pleadings of the plaintiff show that almost twenty-three years have elapsed. Such a period of time, as a matter of law, is unreasonable; and, that, the plaintiff having pleaded no reason for such an unreasonable delay, the action is barred.

"5. The pleadings show on their face that the plaintiff is guilty of laches."

### "CONCLUSION

"1. The pleadings having shown that the plaintiff has no cause of action, this action is dismissed at the cost of the plaintiff."

The plaintiff appealed from ¶¶ 4 and 5 of the trial court's findings; its conclusion; and, the order dismissing the action. We think the action of the trial court was justified. See our decisions in *Thomas v. Williams*, 80 Kan. 632, 103 Pac. 772; *Cruse v. Chicago, R. I. & P. Rly. Co.*, 138 Kan. 117, 23 P. 2d 471; and, *Calkin v. Hudson*, 156 Kan. 308, 133 P. 2d 177, and authorities cited therein.

The same result would have been reached had the court applied G. S. 1949, 60-304, which provides,

"Actions for the recovery of real property, or for the determination of any adverse claim or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter:

. . . . . . . . . . . . . .

"*Fourth.* An action for the recovery of real property not hereinbefore provided for, within fifteen years."

Under this view G. S. 1949, 17-1711 to 1713 provide that a cause of action which did not exist before could be commenced by filing a petition in the district court. It is true it did not attempt to fix a time within which that petition should be filed, but the time for the filing of petitions in various causes of action has been fixed by other provisions of our statute and where the property in which plaintiff seeks to establish a right is real property, it might reasonably be said that the statute of limitations last mentioned would be applicable. We shall not base our opinion upon that, however, since it has not been thoroughly argued.

The cases above mentioned and those cited therein make it clear that when a party has the right to acquire or preserve he should move promptly to accomplish that purpose. Here, assuming plaintiff's petition truly states the facts, plaintiff knew or should have known that the property here involved was abandoned by the Baptist church as early as 1928. It had a duty to see that it was used for its original purpose or that it was sold and the proceeds so used as early as 1930. It gave the matter no attention for more than 22 years. Since plaintiff paid no attention to the property and it was to be destroyed or taken, local people completed a church organization and proceeded to have steps taken so that its value might be again used for church purposes. We see no reason to criticize those people for doing so. The plaintiff had apparently left its use to the local people for almost a quarter of a century. These parties were not trying to gain a personal advantage for themselves; they took appropriate steps to get the proceeds of the property to be used for Baptist church purposes.

We have examined all the authorities cited by counsel and see no reason for discussing them in more detail. The judgment of the trial court is affirmed.