No. 40,735

JOHN EUGENE BROOKS, RICHARD LEE BROOKS, ROBERT ALLEN BROOKS, BETTE LOUISE BROOKS, Minors, by Ethel Louise Brooks, Natural Guardian, (Maurice V. Brooks, Deceased), *Appellants*, v. KANSAS POWER AND LIGHT COMPANY, *Appellee.*

(318 P. 2d 1036)

Opinion filed December 7, 1957.

*George E. McCullough,* of Topeka, argued the cause, and *Robert L. Kimbrough,* of Topeka, was with him on the briefs for the appellants.

*O. R. Stites, Jr.,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Robert E. Russell, Willard N. Van Slyck, Jr.,* and *William B. McElhenny,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal by a mother, as natural and legal guardian of a deceased workman's minor children in a workmen's compensation case, is from an order of the trial court denying compensation and reversing the findings and award of the commissioner in favor of the deceased workman's minor children.

The facts were stipulated by the parties and those which are pertinent to this appeal are: The deceased workman sustained personal injury by accident on September 23, 1952; appellee, a self-insurer, paid compensation at the rate of $25.00 per week from September 23, 1952, to and including February 28, 1956; as a result of the accident the workman died on March 6, 1956, which was three years, five months and twelve days after the accident; the mother of the four minor children filed written claim for compensation for them on April 21, 1956, and on April 30, 1956, she was appointed their legal guardian; after her appointment as legal

guardian, the commissioner conducted a hearing on August 3, 1956, and made findings and an award in favor of appellants on December 12, 1956. Appellee appealed therefrom to the district court and that court reversed the commissioner's findings and award and denied compensation. Appellants (claimants) assigned as error that,

"The trial court erred in its conclusion of law that General Statutes of Kansas, (1949), 44-509 and other substantial law did not effect the interpretation of General Statutes of Kansas, (1949), 44-520a, and therefore, the trial court erred in its conclusion of law that General Statutes of Kansas, (1949) 44-520a precluded appellants' (claimants) right to recover compensation, *i. e.*, the words '. . . or within one (1) year after the death of the injured employee IF DEATH RESULTS FROM THE INJURY WITHIN THREE (3) YEARS AFTER THE DATE OF THE ACCIDENT . . .' do not constitute a time limitation? (Capitalizing ours.)"

The pertinent sections of our workmen's compensation act involved by reason of the contentions of the parties herein are contained in G. S. 1949, Chapter 44, Article 5, and read in part as follows:

"44-509. (*a*) In case an injured workman is mentally incompetent, or when death results from an injury in case any of his dependents, as herein defined is mentally incompetent 'or a minor' at the time when any right, privilege, or election accrues to him under this act . . . no limitation of time, in this act provided for, shall run, so long as such incompetent has no guardian."

"44-520a. (1) No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer . . . within one hundred twenty days after the accident . . . or within eight months after the death of the injured employee *if death results from the injury within three years after the date of the accident*. . . ." (Our italics.)

"44-535. The right to compensation shall be deemed in every case, including cases where death results from the injury, to have accrued to the injured workman or his dependents . . . at the time of the accident, and the time limit in which to commence proceedings for compensation therefor shall run as against him, his legal representatives and dependents from the date of the accident."

The only question raised is whether G. S. 1949, 44-509 affects the provision in G. S. 1949, 44-520a which reads, ". . . if death results from the injury within three years after the date of the accident." Appellants contend this is a statute of limitation and cannot run against the minors until a legal guardian is appointed. In *Forcade v. List & Clark Construction Co.*, 172 Kan. 119, 238 P. 2d 549, a workman suffered an injury compensable under our act from

which injury he died approximately seven years after the date of the accident. At the time of the accident the workman had had one child but at the time of his death he had four minor children as dependents. Claim was filed by the mother on her own behalf and on behalf of the dependent children. This court therein discussed G. S. 1949, 44-520a and 44-535 and the above contention of appellants was fully answered by the following statement, which refers to 44-520a:

"The provision of the new act . . . refers to the three years within which death must occur before any liability accrues under the Act. . With this interpretation the legislative intent appears that death from an accidental injury must ensue within three years from the date of the injury (G. S. 1949, 44-535) . . ., (p. 122)

and the opinion contains the further statement that,

"It [44-520a] required that the death occur within three years from the date of the accident." (p. 122.)

Appellants contend that G. S. 1949, 44-509 was not considered in the Forcade case but this contention is not well founded because the discussion and language of the Forcade case indicate that 44-509 was in the court's thinking notwithstanding the fact that the statute was not mentioned numerically or its exact provisions set out verbatim in the opinion.

Other contentions raised by appellants are of little or no help to them in view of the definite statements in the Forcade case which denied compensation to Forcade's minor dependents. We are left with no alternative except to hold that the trial court did not err in denying compensation to the appellants herein.

The judgment is affirmed.