No. 29,163.

ELIZABETH COE, *Appellee*, v. J. C. KOONTZ et al., Partners, doing business as the J. W. Koontz Painting Company, and the HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellants*.

(283 Pac. 487.)

Opinion filed January 11, 1930.

*Lee Judy,* of Kansas City, and *D. F. McMahon,* of Kansas City, Mo., for the appellants.

*William E. Carson,* of Kansas City, and *Paul J. Burton,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case in which the dependents of a deceased workman are claimants. The injury to the workman occurred at a time when chapter 232 of the Laws of

1927 was in force, so the rights of the parties are governed by that statute as amended by chapter 206 of the Laws of 1929. The workman, Thomas B. Coe, was a painter employed by appellants, painting the intercity viaduct at Kansas City. While so working on October 29, 1928, he in some way lost his hold and fell about eighteen feet to the ground. He died December 22, 1928. His dependents made claim for compensation, and there was a hearing before the commissioner. At this hearing all questions respecting the rights of the claimants to compensation were either stipulated in their favor or not seriously contested, except the question whether the injury sustained by the workman at the time of his fall caused, or contributed to, his death. On that question much evidence was taken. The commissioner found that the injury sustained by the workman at the time of his fall did not cause or contribute to his death, and denied compensation. They appealed to the district court, where the matter was presented to the court upon the evidence taken before the commissioner. The district court found that the injury received by the workman at the time of his fall constituted personal injury by accident arising out of and in the course of his employment, and that the workman died as a direct result of such accidental injury, and allowed compensation to the claimants. The employers have appealed.

The first question presented by appellants for the determination of this court is, Did the injuries which Thomas B. Coe received on October 29, 1928, cause or contribute to his death? Really we are not concerned with that question. It is a question of fact which was determined by the trial court. The appeal to this court allowed in compensation cases is on questions of law only. (Laws 1929, ch. 206.) If it were contended by appellants that there was no substantial evidence to sustain the findings and judgment of the trial court on that question perhaps we could examine the evidence enough to see whether that contention was well taken; but appellants do not make that contention. They state that the evidence on that point was in conflict and argue that the findings of the trial court were against the weight of the evidence. We are not concerned here with the weight of the evidence. We have looked into the evidence enough to see that there is an abundance of substantial evidence to support the findings of the trial court.

The second question presented by appellants to this court is, Has the district court the power on appeal to set aside an award and

findings of the commissioner of workmen's compensation where the award and findings have been fairly made in good faith based upon conflicting testimony (the great weight of the testimony supporting the commissioner) and there being no showing of fraud, misconduct, or unfairness on the part of the commissioner? We would delete from the statement of the question that part of it relating to the weight of the testimony, for, as heretofore stated, we are not concerned with the weight of the testimony. The answer to the question as otherwise stated must be in the affirmative. Our statutes, above cited, relating to workmen's compensation, provide an elaborate plan and a complete procedure, as was quite fully discussed in *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233. In controverted matters between claimants for compensation and employers the statute provides for the taking of all of the testimony before a commissioner of compensation. The person hearing this evidence may, or may not, be a lawyer. The party who feels aggrieved by his decision, and desiring the evidence to be considered by a jurist, may appeal to the district court where the hearing is had on "questions of law and fact." That is about as complete a hearing as can be had in any case. The findings and judgment of the district court are not limited by the fact of whether there was or was not fraud, misconduct or unfairness on the part of the commissioner of compensation. Appellants cite *Welden v. Edgar Zinc Co.*, 127 Kan. 870, 275 Pac. 151, and allied cases as to the binding force of findings by an arbitrator. These decisions were construing the compensation statutes (R. S. 44-501 to R. S. 44-547, and particularly R. S. 44-528), all of which statutes were repealed by section 63 of chapter 232 of the Laws of 1927. They are not, therefore, applicable to the case under consideration. Appellants also cite decisions from some other states, but these decisions construe the statutes of their respective states, which, as disclosed by the opinions, differ substantially from the statutes we have under consideration.

The judgment of the court below is affirmed.

JOCHEMS, J., not participating.