No. 33,360

James Vigola, *Appellant,* v. Labor Exchange Coal Company, *Appellee.*

(67 P. 2d 421)

Opinion filed May 8, 1937.

*T. M. Stratton,* of Osage City, for the appellant.
*A. K. Stavely,* of Lyndon, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a workmen's compensation case. At the hearing before the compensation commissioner it was stipulated that

the relation of employer and employee existed; that the parties are governed by the act; that claimant sustained an accidental injury arising out of and in the course of his employment; that notice of the injury was given and written demand for compensation made, as required by law; that the average weekly wage was $16.70, and that compensation in the sum of $80.16 had been paid. The question left at issue was the nature and extent of claimant's disability. Claimant worked for respondent in a deep-shaft coal mine. While loading a car of coal he sustained an injury to his back and side. He was confined to his bed for a week and was able to sit in a chair for another week, but did not leave the house. He wore a brace on his back for several weeks. In addition to the back injury there was a small left inguinal hernia, which could be relieved by an operation, to which claimant was willing to submit. The commissioner allowed compensation for temporary total disability for twelve weeks for the back injury and for an additional twelve weeks for the hernia, making a total of twenty-four weeks, at the rate of $10.02 per week. On this credit was given for compensation paid. The award was also made to him for the medical attention, including an operation for the hernia. Respondent appealed to the district court. After review of the record the trial court modified the award in one respect only, by reducing the time of temporary total disability for the back injury from twelve weeks to five weeks. In all other respects the award of the compensation commissioner was approved. The effect of this was to reduce the amount of compensation $70.14. Judgment was rendered accordingly. From this judgment claimant has appealed.

Appellee moved to dismiss the appeal for the reason that less than $100 is involved in the appeal, citing General Statutes of 1935, 60-3303, and cases construing the same. The difficulty on this point is that the workmen's compensation act provides a code of its own (*Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233; *Coe v. Koontz,* 129 Kan. 581, 583, 283 Pac. 487; *Cruse v. Chicago, R. I. & P. Rly. Co.,* 138 Kan. 117, 23 P. 2d 471; *Woods v. Jacob Dold Packing Co.,* 141 Kan. 363, 41 P. 2d 748), and in that there is no limitation with respect to the amount involved upon the appeal. The motion to dismiss the appeal is therefore denied.

Appellant contends the trial court had no authority to modify the award of the compensation commissioner if there was substantial evidence to sustain it. In this appellant is in error. (*Coe v. Koontz,*

supra; *Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429; *Leamos v. Wilson & Co.*, 136 Kan. 613, 16 P. 2d 490.) Under our compensation law the district court, on appeal to it from the compensation commissioner, not only has authority but the duty of exercising its judgment upon all questions of law and of fact arising from the record. It may entirely ignore findings of fact made by the commissioner and make findings of fact of its own. To the extent the district court approves findings made by the commissioner they become the findings of the court. To the extent it disapproves the findings made by the commissioner and makes findings of its own the findings made by the district court become the facts of the case insofar as this court is concerned. This court reviews the record in a workmen's compensation case on questions of law only. The findings of fact of the district court, if supported by substantial, competent evidence, are binding on this court, since it has no authority under the law to make original, independent findings of fact. We examine the findings of fact of a trial court only to see if there is substantial, competent evidence to support them. In this case there is such evidence. Claimant himself testified that the back injury ceased to give him trouble after five weeks, and that he could have returned to work if it were not for the hernia. There is therefore substantial, competent evidence to support the finding on that point made by the district court.

We find no error in the record. The judgment of the court below is affirmed.