No. 34,670

Iva Merle DeVaul, Guardian of the Estate of Oscar B. DeVaul, Jr., a Minor, *Appellant,* v. The Southern Kansas Stage Lines and The Santa Fe Trail Transportation Company, *Appellees.*

(100 P. 2d 627)

Opinion filed April 6, 1940.

*Clarence R. Sowers* and *Claude E. Sowers,* both of Wichita, for the appellant.

*Bruce Hurd, C. J. Putt* and *Robert M. Clark,* all of Topeka, *W. E. Stanley* and *Sidney J. Brick,* both of Wichita, for the appellees.

The opinion of the court was delivered by

Allen, J.: This is a workmen's compensation case. The commissioner of workmen's compensation found that the deceased workman did not meet with personal injury by accident arising out of

or in the course of his employment. On appeal to the district court, judgment was rendered affirming the findings of the commissioner. The appeal is from that judgment.

The claim filed under the compensation act sets forth that Oscar B. DeVaul was a mechanic in the employ of defendants; that he suffered an accident on January 13, 1938; that the cause of the accident was "injury and infection to lungs caused from inhalation of poisonous gas and asphyxiation by carbon monoxide gas resulting in pneumonia;" that the workman died on February 22, 1938.

The findings and award of the commissioner on March 11, 1939, were as follows:

"It is found, in addition to the admissions of the parties, that Oscar B. DeVaul, deceased workman, did not meet with personal injury by accident arising out of and in the course of his employment on or about January 13, 1938, resulting in his death on February 22, 1938. Therefore, award of compensation should be denied."

On appeal to the district court, the award of the commissioner was approved.

In *Coe v. Koontz*, 129 Kan. 581, 582, 283 Pac. 487, it was said:

"The first question presented by appellants for the determination of this court is, Did the injuries which Thomas B. Coe received on October 29, 1928, cause or contribute to his death? Really we are not concerned with that question. It is a question of fact which was determined by the trial court. The appeal to this court allowed in compensation cases is on questions of law only. (Laws 1929, ch. 206.) If it were contended by appellants that there was no substantial evidence to sustain the findings and judgment of the trial court on that question perhaps we could examine the evidence enough to see whether that contention was well taken; but appellants do not make that contention. They state that the evidence on that point was in conflict and argue that the findings of the trial court were against the weight of the evidence. We are not concerned here with the weight of the evidence. We have looked into the evidence enough to see that there is an abundance of substantial evidence to support the findings of the trial court." (p. 582.)

We have examined the record and find there was substantial evidence to support the findings and judgment of the trial court. The elaborate brief of the appellant is largely devoted to a discussion of the evidence in the case. Under our statute G. S. 1935, 44-556, the jurisdiction of this court on appeal is restricted to questions of law. There being substantial competent evidence to support the judgment of the trial court, we have no power to declare such judgment is against the weight of the evidence. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818;

*Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456.)

As the determination of this point compels affirmance of the judgment, it is unnecessary to discuss other questions raised.

The judgment is affirmed.