No. 61,740

CLIFFORD C. REEVES, *Appellee,* v. EQUIPMENT SERVICE INDUSTRIES, INC., and THE TRINITY COMPANIES, *Appellants.*

(777 P.2d 765)

Opinion filed July 14, 1989.

*Brian C. Wright,* of Turner and Boisseau, Chartered, of Wichita, argued the cause and was on the briefs for appellants.

*Michael T. Harris,* of Harris & Heath, of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the employer, Equipment Service Industries, Inc., and its insurance carrier, The Trinity Companies, from the judgment of the district court awarding compensation to the claimant, Clifford C. Reeves. Reeves claims that he was injured at work, but his employer and the insurer argue that his injuries resulted from a fight with a co-employee later that night after work. The administrative law judge denied compensation, finding that the injury resulted from the fight and not during employment; the director of the division of workers' compensation affirmed this decision. The district court reviewed the administrative record and made new findings of fact that reversed the decision of the administrative law judge and awarded compensation to the claimant. The employer and its insurance carrier appealed. The Court of Appeals, in an unpublished opinion, affirmed the district court. We granted review.

The facts are essentially undisputed. Claimant Reeves, appel-

lee, was employed as a diesel machinist for Equipment Service Industries, Inc. At the hearings before the administrative law judge, claimant testified that he was injured on June 25, 1986, when he assisted his employer in transferring a diesel head to a higher bench. The head weighed between 80 and 120 pounds. During the transfer, claimant felt a pinch in his neck and his arm hurt. He testified that, at the time, he said, "Ouch, that hurt." His employer did not recall hearing this statement. Claimant worked the rest of the day. After work he had two, possibly three, drinks with Seagram Seven at the shop with other employees. Later that evening, he went with his fellow employees to Ridgerunners, a club. There he drank bourbon and Seven-Up.

During the evening, claimant and a fellow employee, Frank Bookout, had an altercation of some kind. Claimant testified that he slapped Bookout and knocked him to the ground, but that Bookout did not strike him. Claimant said he did not hit a wall and slide to the ground. Immediately after the incident, he left Ridgerunners and did not know if police came to the scene. At the preliminary hearing, claimant did not recall how he got to work the next morning.

Another employee, Katherine Landwehr, testified that she walked out of the door at Ridgerunners in time to see Bookout's arm coming back and to see claimant flying backwards, hitting a wall, sliding down the wall, and hitting the floor. Claimant sat on the ground, stunned for a couple of minutes. Landwehr did not see claimant later that night, but noted that he was intoxicated the next day and drinking at work. She did not see the fight and did not actually see Bookout strike claimant.

In July 1986, claimant went to an orthopedic surgeon, Neonilo A. Tejano, due to the pain in his neck and down his right arm. His only relief from the pain was to hold his arm over his head. Dr. Tejano referred claimant to a neurosurgeon, John Hered, who performed surgery to remove a ruptured disk. During surgery, Dr. Hered found degeneration of the disk and bone spur formation. This condition was consistent either with the work injury as claimant described or with the fight, as described by witnesses for appellant Equipment Services Industries, Inc. The doctor concluded that he did not know enough facts about either incident for him to decide which caused the condition.

Although removal of the disk remedied the arm pain, the neck

pain increased. Dr. Tejano performed surgery in which he fused C-4 to C-7 of the vertebrae in claimant's neck. Dr. Tejano testified that lifting of the diesel head described by claimant puts stress on the cervical spine and could have resulted in the injury that occurred. He testified that, to determine the cause of the injury, the question would be whether the pain occurred immediately after, or instantaneously with, the lifting. Dr. Tejano also noted that being hit and thrown against a wall, which jarred the neck, could cause the disk to bulge. Thus, either the injury at work or the fight could have caused the condition which required both surgeries. In conclusion, the doctor noted, if claimant had a pain in his arm at work while lifting the head, then that injury caused the disk to bulge, while the fight could have aggravated the condition. Dr. Tejano testified that claimant was disabled from the time he saw him on July 10, 1986, until the present.

The administrative law judge concluded that claimant was temporarily and totally disabled beginning July 10, 1986, and continuing until the date of his decision, which was rendered on June 19, 1987. The administrative law judge found, however, that claimant did not sustain his burden of proof to show an accidental injury arising out of and in the course of his employment on or about June 25, 1986. Instead, it was "more probable than not" that claimant was involved in a fight with another man on June 25, 1986. This resulted in claimant's being knocked backward against a wall, striking his shoulders and neck with such force that he was stunned. Thus, although the administrative law judge awarded claimant medical compensation, he denied the claim for workers' compensation. The director of the division of workers' compensation affirmed this decision.

The district court heard the case as a trial de novo on October 8, 1987. No record was made of that hearing and apparently no evidence was received in addition to the administrative record. After reading the record and hearing arguments of the parties, the district court found that the testimony of claimant was persuasive and more probably true than that of the witness who reported seeing the altercation between claimant and Bookout. The court found that claimant received personal injury by accident arising out of and in the course of his employment on or about June 25, 1986, that the disk injury and neck surgery were

directly related to the work injury, and that the testimony of the doctors concluding the alleged fist fight "possibly" caused the disk injury was without foundation "and almost falls of its own weight." Finding that claimant suffers temporary total disability and had not been released for work, the court awarded temporary total disability benefits at the rate of $239 per week (the statutory maximum in effect at the time of the injury) from June 25, 1986, until the statutory maximum of $75,000 is reached or until an application for review and modification is heard by the director. The court also ordered payment of all medical expenses, past, present, and future.

Appellants raise two issues in this appeal. The primary issue is whether the district court applied the correct scope of review. However, before determining this issue on its merits, we must first consider claimant's contention that this issue was not raised before the district court and, therefore, cannot now be raised for the first time on appeal.

The issue regarding the scope of review of the district court was never mentioned in the record on appeal. Claimant contends that it was never raised below; appellants neither acknowledge nor deny that contention. Apparently a record was not made of the hearing before the district court and, therefore, no transcript is available to determine whether the issue was addressed. Failure to raise an issue before the trial court usually precludes consideration of the issue on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 551-52, 731 P.2d 273 (1987). Arguably, parties can expect the trial court to apply the correct scope of review, but appellants are arguing the scope of review was changed by K.S.A. 77-621. Here, the trial court merely applied the scope of review that has been used in workers' compensation cases in Kansas since 1927.

The Court of Appeals did not discuss the fact that the issue had not been raised before the district court, but considered the issue on the merits. This court has never addressed the question of how the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, affects the Workers' Compensation Act, K.S.A. 44-501 *et seq*. Therefore, we have reviewed the entire record and find that it is appropriate for this court to consider the issue on its merits.

We first address appellants' argument that the scope of review

pursuant to K.S.A. 1988 Supp. 44-556 is unclear, thus implying that the district court erred in not deferring to the findings of fact made by the administrative law judge.

This court has consistently held that the scope of review of a district court regarding decisions made by the director of the division of workers' compensation gives the district court plenary power and jurisdiction to review the record and make new findings of fact and law. *Gawith v. Gage's Plumbing & Heating Co., Inc.*, 206 Kan. 169, 171, 476 P.2d 966 (1970). This long-standing rule gives the district court the power to make findings of law and fact entirely opposite from those of the director and, thus, to substitute its judgment for that of the director. In *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 412-13, 286 Pac. 396 (1930), this court stated:

> "The jurisdiction of the district court in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the commission as justice may require. [Citation omitted.] It hears no new evidence, but takes the case on the transcript of the proceedings before the compensation commission and makes an independent adjudication of the facts and the law therefrom."

With only minor amendments, 44-556 remained virtually the same from 1927 until 1985, providing in pertinent part:

> "(a) Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. Such appeal shall have precedence over all other hearings except those of like character . . . .
> "(b) On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require." K.S.A. 1985 Supp. 44-556.

Appellants argue that the interpretation of this statute has been unclear because, at one point, the Kansas appellate courts began to describe the review provided by the district court as a "trial de novo" when, in fact, it was not. Appellants argue that, because de novo means "anew," a true de novo review requires the taking of new or additional evidence by the reviewing court. As this court has recognized, confusion about the scope of review of decisions by administrative agencies has been aggravated by the indiscriminate use of the term "trial de novo." *Rydd v. State Board of Health*, 202 Kan. 721, 731-32, 451 P.2d 239 (1969) (review of an order by the Kansas State Board of Health). Appellants point to

several examples where this court has confused the use of this term in dealing with workers' compensation cases.

In *Rorabaugh v. General Mills*, 187 Kan. 363, 356 P.2d 796 (1960), this court noted that an appellate court's review of the record is not done to determine whether evidence exists to support a finding *contrary* to that of the district court but, instead, to determine if substantial competent evidence exists to *support* the findings made by the district court. Then the court added: "Furthermore, on appellate review this court is not concerned with the findings of the commissioner, but only with the findings of the district court where the case is tried *de novo*." 187 Kan. at 366.

The next year, this court discussed the power of the district court to remand a workers' compensation case to the commissioner for further proceedings, and stated:

"It is the settled rule in this jurisdiction that under the provisions of the workmen's compensation act the district court has no authority to remand a case to the commissioner for further proceedings after an award has once been made. It is within the province of the district court to review a case upon receipt of a transcript from the compensation commissioner and to grant or refuse compensation, or to modify the award in accordance with its determination of the questions of fact and law. [Citation omitted.] Moreover, the district court may not grant a trial *de novo* or hear new evidence [citation omitted]." *Fleming v. National Cash Register Co.*, 188 Kan. 571, 574, 363 P.2d 432 (1961).

The confusing use of the term "trial de novo" is unfortunate. This court, however, has been consistent in describing the actual scope of review to be used by the district court. In *Gawith*, 206 Kan. 169, the appellants argued that 44-556 violated the separation of powers doctrine. Because the constitutionality of the statute and not the meaning of the words contained therein was the issue, appellants here argue that the case is not controlling. In *Gawith*, this court reviewed its prior case law extensively and summarized the scope of review as follow:

"Throughout the intervening years since 1927 this court has consistently held this statute to mean exactly what it says—that the district court has plenary power and jurisdiction to review the record and 'grant or refuse compensation, or to increase or diminish any award of the director as justice may require.'

"Under the workmen's compensation act of 1927 the district court hears no additional evidence and sees no witnesses, but it has both the jurisdiction and the duty to make an independent adjudication as to the facts as well as the law; and except as otherwise bound by the statute itself, it may increase or diminish any award of the director (then commissioner) as justice may require." 206 Kan.

at 171 (citing *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818 [1930]).

The court noted that several decisions have called this hearing a " 'trial de novo on the record.' " 206 Kan. at 172. The hearing is not limited to examining whether the commissioner committed fraud, misconduct, or unfairness. 206 Kan. at 171 (citing *Coe v. Koontz*, 129 Kan. 581, 583, 283 Pac. 487 [1930]). Furthermore, the legislature gave the district court the right to weigh the evidence. 206 Kan. at 171-72. The court concluded that the director of workers' compensation performs an essentially judicial function which the district court has jurisdiction and power to modify "as justice may require." 206 Kan. at 171. Thus, 44-556 does not unconstitutionally delegate legislative or administrative functions to the judiciary, and separation of powers is not violated. 206 Kan. at 181.

In spite of the term "trial de novo," this court has clearly and consistently held that the district court is bound by the record made in the administrative proceeding and cannot accept additional evidence. *Casebeer v. Casebeer*, 199 Kan. 806, 815, 433 P.2d 399 (1967). Although bound by the administrative record, the district court has the jurisdiction and duty to make an independent adjudication of the facts and the law. *Reichuber v. Cook Well Servicing*, 220 Kan. 93, 95, 551 P.2d 810 (1976). The consistent holding that the record on review is that developed by the administrative agency while the scope of review allows a complete review of the record to make an independent adjudication on the facts and law makes use of the term "trial de novo" unfortunate but harmless. A trial de novo on the record is a more accurate description.

Here, the district court relied upon evidence presented to the director of workers' compensation. Although the record on appeal does not include a transcript of the hearing before the district court, no one argues that the court accepted any additional evidence. Thus, the district court in the present case followed the accepted scope of review by using the record developed in the administrative proceedings to make an independent evaluation of the evidence resulting in findings of facts contrary to those of the administrative law judge and the director.

We next consider appellants' argument that, since the enactment of the KJRA, K.S.A. 77-601 *et seq.*, the scope of review by

the district court in a Workers' Compensation Act case has changed from an independent adjudication of the facts and the law to a deference to the findings of fact by the administrative law judge unless such findings are not supported by substantial evidence. Appellants note that the KJRA was enacted by the legislature to establish "the exclusive means of judicial review of agency action," K.S.A. 1988 Supp. 77-606, and was intended to apply to all state agencies unless a specific exemption occurs. K.S.A. 1988 Supp. 77-603(a); Ryan, *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 66 (1985). Because the Workers' Compensation Act is not specifically exempted from the KJRA, appellants argue that the scope of review was changed to a test of substantial evidence in the record, while the district court's ability to expand the record remains unchanged.

The provision defining the scope of review in the KJRA is contained at K.S.A. 77-621, which provides in pertinent part:

"(a) Except to the extent that this act or another statute provides otherwise:

"(1) The burden of proving the invalidity of agency action is on the party asserting invalidity; and

"(2) the validity of agency action shall be determined in accordance with the standards of judicial review provided in this section, as applied to the agency action at the time it was taken.

"(b) The court shall make a separate and distinct ruling on each material issue on which the court's decision is based.

"(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious.

"(d) In making the foregoing determinations, due account shall be taken by the court of the rule of harmless error."

The trial court here clearly made an independent review of the record and reached findings of fact and law contradictory to those of the administrative law judge and the director. In its ruling, the trial court increased the award of the director. Because a review of the record indicates that substantial evidence exists to support the decision by the director, and because the record contains no evidence to indicate that the agency's action was unreasonable,

arbitrary, or capricious, it appears the decision of the district court was wrong if the scope of the review is controlled by K.S.A. 77-621(c)(7) and (8), as appellants argue.

The Court of Appeals, in affirming the decision made by the district court, noted that the decision in *Williams v. Excel Corp.*, 12 Kan. App. 2d 662, 664, 756 P.2d 1104 (1988), held that the KJRA codified existing case law on appellate review of agency decisions in K.S.A. 77-621. An appellate court may substitute its judgment on questions of law but, on disputed issues of fact, the appellate court "must view the evidence in the light most favorable to the prevailing party and determine whether there is substantial competent evidence to support the findings of the trial court." *Williams*, 12 Kan. App. 2d at 664 (citing *Baxter v. L.T. Walls Constr. Co.*, 241 Kan. 588, 591, 738 P.2d 445 [1987]).

The court then examined the decision in *Carter v. Koch Engineering*, 12 Kan. App. 2d 74, 735 P.2d 247 (1987), which was the first appellate court decision to consider the district court's scope of review in a workers' compensation case after the enactment of the KJRA. One issue was whether the employee willfully failed to use available safety devices, which resulted in injury during the course of his employment. In reviewing the district court's decision that the evidence did not show the employee willfully disregarded safety procedures, the Court of Appeals held: "There may have been evidence to support a finding of willful action as well, but conflicts in the evidence are left to the factfinder, here the district court." 12 Kan. App. 2d at 86.

Relying upon the decision in *Carter*, the Court of Appeals here simply stated: "K.S.A. 1987 Supp. 44-556 and 77-618(a) control the scope of review of disputed facts. Clearly, the district court did not err in awarding compensation after determining from a review of the record that claimant's injury arose out of and in the course of his employment."

As noted previously, the scope of review is set out in the KJRA at K.S.A. 77-621. This statute begins by stating, "Except to the extent that this act or another statute provides otherwise . . . ." Although the Workers' Compensation Act is not completely excluded from coverage under the KJRA, in K.S.A. 1988 Supp. 77-618, concerning review of disputed facts, reference is made to

K.S.A. 44-556. When the KJRA was enacted in 1984, K.S.A. 77-618 provided, in part:

"Judicial review of disputed issues of fact shall be confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to this act, except that review *shall be by trial de novo in appeals* of:

"(a) Orders of the director of workers' compensation under the workmen's compensation act."

In 1985, the legislature amended K.S.A. 77-618 to delete the reference to "trial *de novo*," making it read as follows:

"Judicial review of disputed issues of fact shall be confined to the agency record for judicial review as supplemented by additional evidence taken pursuant to this act, except that review of:

"(a) Orders of the director of workers' compensation under the workmen's compensation act *shall be in accordance with K.S.A. 44-556, and amendments thereto.*" L. 1985, ch. 308, § 2.

At the time of the enactment of the KJRA, 44-556 was virtually the same as when enacted in its original form in 1927. In pertinent part, the statute read as follows:

"(a) Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director." K.S.A. 1985 Supp. 44-556.

This statute was amended in 1986, one year after the amendment set out above to K.S.A. 77-618, to read as follows:

"(a) Any action of the director pursuant to the workmen's compensation act shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions. Such review shall be upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director . . . ." L. 1986, ch. 318, § 57. (See K.S.A. 1988 Supp. 44-556[a].)

The first sentence of subsection (b) of 44-556 has remained unchanged since the statute was first enacted. It provides:

"(b) On any such review the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require." K.S.A. 1988 Supp. 44-556.

Appellants argue that it was significant that the term "trial de novo" was deleted from the opening sentence of K.S.A. 77-618. Claimant responds that this deletion was merely a clarification in light of the problems and confusion that have resulted from the use of this term. Unfortunately, the legislative history leaves no

record of why this term was deleted. The modifications to 77-618 and to 44-556 creating references to each other leaves no doubt that the KJRA applies to Workers' Compensation Act cases. The question is whether the legislature intended to change the scope of review of the district court in such a proceeding.

The reference to K.S.A. 44-556 contained in K.S.A. 1988 Supp. 77-618(a) reflects the legislature's intent to defer to the Workers' Compensation Act when judicial review of disputed issues of fact are involved. The opening phrase in K.S.A. 77-621—"Except to the extent that this act . . . provides otherwise"—reinforces the provision of K.S.A. 1988 Supp. 77-618(a) excepting workers' compensation cases. After enactment of the KJRA, the Workers' Compensation Act was not modified to eliminate the district court's power to decide questions of law and fact. In fact, the legislature left unchanged the directive in 44-556(a) that the district court shall review the record of the administrative agency "upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director." K.S.A. 1988 Supp. 44-556(a). More importantly, the legislature left untouched the language in 44-556(b) that the "district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the director as justice may require." K.S.A. 1988 Supp. 44-556(b). To be able to exercise its power to change the compensation awarded by the director, the district court must have plenary power to review the record and make independent decisions regarding the facts and the law. If the district court does not have the power and jurisdiction to make independent decisions about the facts and the law, it will not be able to change the administrative decision to grant or refuse compensation or the amount of the award "as justice may require."

The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs when that intent can be ascertained. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). Here, the legislature clearly intended for the KJRA to apply to cases involving workers' compensation. Yet the legislature left intact those portions of 44-556 that have been interpreted to impose a duty upon a district court "to make an independent adjudication as to the facts as well as the law." *Gawith v. Gage's Plumbing & Heating*

*Co., Inc.*, 206 Kan. 169, 171, 476 P.2d 966 (1970). The legislature, by preserving the district court's power to review the record of the administrative proceeding and to grant or refuse the compensation directed or to increase or diminish the award of the director, just as clearly indicated its intent to retain the scope of review previously exercised in these cases. If the legislature wanted to change the scope of review in workers' compensation cases, it could have easily done so by repealing K.S.A. 44-556. We conclude that neither K.S.A. 77-601 *et seq.*, as originally passed, nor the 1985 amendment to 77-618, nor the 1986 amendment to 44-556 alter the scope of review in a workers' compensation case.

The scope of review by the district court in a workers' compensation case is by trial de novo on the record. The district court hears no new or additional evidence, but makes an independent adjudication of the facts and law based upon the transcript of the proceedings before the director of workers' compensation.

Finally, the appellants argue, in the alternative, that there was not sufficient evidence presented to support the district court's findings of fact concluding that the claimant suffered personal injury by accident arising out of and in the course of his employment. An appellate court's scope of review in a workers' compensation case was set out in *Baxter v. L.T. Walls Constr. Co.*, 241 Kan. 588, 591, 738 P.2d 445 (1987):

"In workers' compensation cases, the scope of review by an appellate court is to determine whether the district court's judgment is supported by substantial evidence. The evidence is viewed in the light most favorable to the party prevailing below and if there is substantial evidence to support the district court's factual findings, the appellate court has no power to weigh evidence or reverse the final order of the district court. *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 145, 697 P.2d 1300 (1985). The term 'substantial evidence' when applied to workers' compensation cases means evidence that possesses something of substance and relevant consequence or evidence that furnishes a substantial basis of fact from which the issues presented can be reasonably resolved. *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 442, 625 P.2d 453 (1981)."

The Court of Appeals, in *Williams v. Excel Corp.*, 12 Kan. App. 2d at 664, concluded that the provisions of K.S.A. 77-621 codified the existing case law regarding the review of agency decisions by an appellate court. Under this statute, when reviewing questions of law the appellate court may substitute its judgment; when reviewing disputed issues of fact, the appellate court must view

the evidence in the light most favorable to the prevailing party and determine whether substantial competent evidence supports the findings of the trial court. 12 Kan. App. 2d at 664.

When the evidence here is viewed in the light most favorable to the claimant, the record supports the trial court's finding that claimant's injury resulted from lifting a diesel head while at work. Both medical doctors stated that either the lifting of the diesel head or slamming of the claimant against a wall after being struck in the face could have caused the ruptured disk. Dr. Tejano, however, stressed that if claimant experienced pain at the time he lifted the diesel head, the injury occurred then even though it could have been aggravated by a later altercation. Claimant testified repeatedly that he experienced pain at the time he moved the diesel head.

Appellants point out that the administrative law judge did not find claimant to be a credible witness. Although the administrative law judge did have the opportunity to observe the claimant while the district court did not, the record contains many references to claimant's insistence that he experienced pain when lifting the diesel head. Evidence contained in the record as a whole supports the district court's findings. The medical evidence and claimant's testimony provides substantial evidence to support the findings of the district court. We find the Court of Appeals correctly affirmed the district court's findings that claimant's injury arose out of and in the course of his employment.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.